## STATE *vs.* OWEN MERCER.

Where upon a trial for a capital offence a juror was challenged, and the question was asked, " whether or not he was opposed to capital punishment, and he answered that he preferred sending a man to the penitentiary for murder, and thought the law ought to be changed;" *Held*, that this was a challenge *propter affectum.*

When a challenge is made for unindifferency, the Court tries the fact, unless one of the parties demands triers, and of the fact found, either by the Court or the triers, there is no review.

[ *State* v. *Benton*, 2 Dev. & Bat. 196, cited and approved.]

This was an indictment for murder, tried before *Watts, J.*, at Spring Term, 1872, of EDGECOMBE Superior Court.

A juror was challenged by the State for cause, as the case states, and asked if he was opposed to capital punishment. He replied, that he preferred to send a man to the penitentiary instead of hanging him—thought the law ought to be changed, and send all to the penitentiary for murder instead of hanging them. When questioned by prisoner's counsel, whether or not he would give the prisoner a fair and impartial trial, he said he would. When questioned by the Court, made the same reply; said he preferred penitentiary to hanging. Whereupon the Court sustained the challenge. Prisoner's counsel excepted. There was a verdict of guilty. Rule for new trial. Rule discharged. Judgment and appeal.

*Attorney General*, for the State.
No counsel for the prisoner.

BOYDEN, J. The only question raised in the record is, as to the challenge of a juror on the part of the State, which chal-was allowed, and the defendant excepted.

The record states that a juror was challenged for cause, and was asked if he was opposed to capital punishment; the juror

replied, " that he preferred to send a man to the penitentiary, instead of hanging him. Thought the law ought to be changed and send all to the penitentiary for murder instead of hanging them." When questioned by the Court, he made the same reply—said he preferred the penitentiary to hanging. This decision of his Honor cannot avail the prisoner for several reasons. First, that this was a challenge *propter affectum*, although the case states that it was a challenge for cause. When a challenge is made for unindifferency, the Court tries the fact, unless one of the parties demands triers, and of the fact found, either by the Court, or the triers there is no review. *State* v. *Benton*, 2 Dev. & Bat. 196.

Again, it does not appear, whether this juror was one of the original pannel or of the special *venire*, nor does it appear that the State had made any peremptory challenge, nor that that the prisoner had exhausted his challenges. So that the State had first the right to direct this juror to stand aside until the pannel was perused, and the State likewise had the right to challenge this juror peremptorily. So that his Honor, having allowed the challenge for unindifferency, could have done the prisoner no injury, as the State, in case the challenge had been disallowed, might have challenged the juror peremptorily. *State* v. *Benton, supra.*

There is no error. This will be certified, in order that the Court may proceed to judgment according to law.

PER CURIAM.                              Judgment affirmed.